# In the United States Court of Federal Claims
No. 09-739 C
(Filed May 7, 2010)

| | |
|---|---|
| BAHRAIN MARITIME & | ) |
| MERCANTILE INTERNATIONAL | ) |
| B.S.C. | ) |
| Dba BMMI, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

### ORDER

This order addresses Defendant's Motion for a More Definite Statement and plaintiff's opposition thereto.

Plaintiff, Bahrain Maritime and Mercantile International, B.S.C. ("BMMI"), a Bahraini stockholding company, is incorporated in the Kingdom of Bahrain. BMMI is a party to a contract with the United States, represented by the Defense Logistics Agency ("DLA") and its Defense Supply Center Philadelphia ("DSCP") for full-line food supplies distribution to United States Military customers throughout Bahrain, Qatar, and Saudi Arabia. BMMI initiated this suit as a direct action pursuant to 41 U.S.C. § 609(a)(1) (section 10(a)(1) of the Contract Disputes Act ("CDA") of 1978, Pub. L. No. 95-563, 95th Cong., 92 Stat. 2383, 2388) and 28 U.S.C. § 1491(a)(2). This direct action contests the calculation of a $273,559.75 claim asserted against plaintiff by the DLA contracting officer.

BMMI's Complaint, as filed in this direct action, does not address whether the Kingdom of Bahrain permits suits by United States citizens against it on the same terms as its native citizens. This omission is the basis for Defendant's Motion for a More Definite Statement based upon the text of 28 U.S.C. § 2502(a) which reads "[c]itizens or subjects of any foreign government which accords to citizens of the United States the right to prosecute claims against their government in its courts may

sue the United States in the United States Court of Federal Claims if the subject matter of the suit is otherwise within such court's jurisdiction."

Plaintiff objects to any requirement that it address the issue of reciprocity asserting that provisions of the CDA render 28 U.S.C. § 2502(a) inapplicable.

A statutory reciprocity limitation on the waiver of sovereign immunity to permit suits by foreign citizens against the United States in the Court of Federal Claims and its predecessor courts has been in existence since 1868. *Ferreiro v. United States*, 350 F.3d 1318, 1320 (Fed. Cir. 2003).

As noted in *Burnside-Ott Aviation Training Center v. Dalton*, 107 F.3d 854, 858 (Fed. Cir. 1997), "[t]he CDA was a comprehensive overhaul of the process for reviewing claims related to government contracts. It provided for substantive changes in the law concerning the handling and review of contract disputes." In the CDA Congress mandated ". . . [t]he dual avenues of review either by appeal to a Board of Contract Appeals or by a direct access suit in the Court of Claims." *Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1565 (Fed. Cir. 1990). The CDA does not, however, expressly address the application of 28 U.S.C. § 2502(a) to a CDA direct access suit.[1]

In this circumstance, it appears that the issue of possible reciprocity restriction with respect to CDA claims involves only direct action suits filed, pursuant to section 10(a)(1), (41 U.S.C. 609(a)(1)) in the Court of Federal Claims, under jurisdiction provided by 28 U.S.C. § 1491(a)(2), by a foreign contractor with the United States, whose country does not permit suits against it by United States citizens on the same

---

[1] Prior to the enactment of the Federal Courts Improvement Act of 1982 ("FCIA"), Pub. L. No. 97-164, 96 Stat. 25, which established the United States Claims Court, the CDA provided that both direct access suits and appeals from decisions of boards of contract appeals were to be filed in the United States Court of Claims. CDA sections 8(g)(1) and 10(a)(1), 92 Stat. at 2387-88. The FCIA redirected appeals from boards of contract appeals decisions pursuant to section 8(g)(1) of the CDA, to the newly-created United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(10). The Reciprocity Statute, 28 U.S.C. § 2502(a), only addresses suits filed in the United States Court of Federal Claims and its predecessor courts – The United States Court of Claims and the United States Claims Court. Thus, after 1982, CDA claims appealed to a board of contract appeals by a foreign contractor with the United States and, thereafter, to the Federal Circuit, do not face any possible reciprocity statute restriction.

terms as its native citizens. *Ferreiro v. United States*, 350 F. 3d at 1322. The question then is whether that is this case. Does the Kingdom of Bahrain not permit suits against it by United States citizens on the same terms as its native citizens? If the Kingdom of Bahrain does permit suits by United States citizens on equal terms with its native citizens, there is no viable reciprocity issue. If the Kingdom of Bahrain does not permit suits by United States citizens on equal terms with those applicable to its native citizens, then the issue is raised and it must be determined whether 28 U.S.C. § 2502(a) requires dismissal of this suit.

Accordingly, it is **ORDERED** that Defendant's Motion for a More Definite Statement is **GRANTED** only to the extent that:

(1) Plaintiff shall on or before May 27, 2010, file a brief statement as to its position concerning whether the Kingdom of Bahrain satisfies the reciprocity requirement set forth in 28 U.S.C. § 2502(a) as interpreted in *Ferreiro* at 1322; and

(2) Within 21 days after service of plaintiff's statement, defendant shall file an appropriate response.

        s/ James F. Merow
        James F. Merow
        Senior Judge